UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SUSIE DURAN, | ) | No. ED CV 07-1104-PLA |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on September 11, 2007, seeking review of the Commissioner's denial of her application for Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on September 20, 2007, and October 1, 2007. Pursuant to the Court's Order, the parties filed a Joint Stipulation on May 9, 2008, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on June 11, 1959. [Administrative Record ("AR") at 50-51.] She has an eleventh grade education [AR at 63], and has no past relevant work experience. [AR at 16-17, 58, 82-83.]

On October 7, 2005, plaintiff protectively filed her application for Supplemental Security Income payments, alleging that she has been disabled since October 1, 2003, due to carpal tunnel syndrome, diabetes, tendinitis in her right shoulder, foot problems, and depression. [AR at 50-51, 57, 64.] After her application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 19-20, 27-28, 31-36, 37-41.] A hearing was held on April 23, 2007, at which time plaintiff appeared with counsel and testified on her own behalf. [AR at 210-17.] On April 26, 2007, the ALJ determined that plaintiff was not disabled. [AR at 8-18.] Plaintiff requested review of the hearing decision. [AR at 7.] When the Appeals Council denied plaintiff's request for review on July 18, 2007, the ALJ's decision became the final decision of the Commissioner. [AR at 4-6.] This action followed.

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well

as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.
## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled

and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since the alleged onset date of the disability. [AR at 13.] At step two, the ALJ concluded that plaintiff has the following "severe" impairments: musculoskeletal system disorder, diabetes mellitus, and obesity disorder. [Id.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [AR at 13-14.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[1] to "perform a full range of light work[2] with the following additional limitations: [plaintiff] can occasionally lift and/or carry up to 20 pounds and frequently 10 pounds; within an eight hour workday, she can stand and/or walk for a total of about six hours; and sit for about six hours. Additionally, she is able to do gripping, grasping, feeling, and fingering activities on a frequent basis, but not continuous basis. [Plaintiff] should also avoid concentrated exposure to extreme cold and extreme heat." [AR at 14.] At step four, the ALJ concluded that plaintiff had no past relevant work. [AR at 16-17.] At step five, the ALJ found, using the Medical-Vocational Guidelines, that there are a significant number of jobs

---

[1]    RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[2]    Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

in the national economy that plaintiff is capable of performing. [AR at 17.] Accordingly, the ALJ determined that plaintiff is not disabled. [AR at 11-18.]

## V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ failed to: (1) properly consider the treating physician's opinion; (2) properly consider the lay witness statements; and (3) obtain vocational expert testimony on the effect of plaintiff's non-exertional impairments. Joint Stipulation ("Joint Stip.") at 2-3. As set forth below, the Court agrees with plaintiff, in part, and remands the matter for further proceedings.

**TREATING PHYSICIAN'S OPINION**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). See 20 C.F.R. §§ 404.1502, 416.927; see also Lester, 81 F.3d at 830. As a general rule, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)). Although the treating physician's opinion is entitled to great deference, it is not necessarily conclusive as to the question of disability. Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989).

Where the treating physician's opinion is uncontradicted, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. Where the treating physician's opinion is contradicted by another physician, the ALJ may only reject the opinion of the treating physician if the ALJ provides specific and legitimate reasons for doing so that are based on substantial evidence in the record. See Lester, 81 F.3d at 830; see also 20 C.F.R. §§ 404.1527(d),

416.927(d) (requiring that Social Security Administration "always give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion"); Social Security Ruling[3] 96-2p ("the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

An examining physician's opinion based on independent clinical findings that differ from the findings of a treating physician may constitute substantial evidence. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) ("Independent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, (citation omitted) or (2) findings based on objective medical tests that the treating physician has not herself considered." (citation omitted)). However, even if an examining physician's opinion constitutes substantial evidence, the treating physician's opinion is still entitled to deference.[4] See id.; see also SSR 96-2p (a finding that a treating physician's opinion is not entitled to controlling weight does not mean that the opinion is rejected).

Finally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." Lester, 81 F.3d at 831 (emphasis in original). The opinion of a non-examining physician may serve as substantial evidence when it is consistent with other independent evidence

---

[3] Social Security Rulings ("SSR") do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

[4] "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR 96-2p. In determining what weight to accord the opinion of the treating physician, the ALJ is instructed to consider the following factors: length of the treatment relationship and frequency of examination; nature and extent of the treatment relationship; the degree to which the opinion is supported by relevant medical evidence; consistency of the opinion with the record as a whole; specialization; and any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

in the record. Id. at 830-31. "A report of a non-examining, non-treating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record." See Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984) (quoting Millner v. Schweiker, 725 F.2d 243, 245 (4th Cir. 1984)).

Plaintiff argues that the ALJ failed to consider the treating physician's opinion. Specifically, plaintiff asserts that the ALJ did not make any findings concerning the "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)" completed by the treating physician. Joint Stip. at 3-4. As discussed below, the Court agrees with plaintiff.

The record contains a "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)" ("Medical Opinion form") dated August 21, 2006. [AR at 206-09.] The signature on the Medical Opinion form is not legible,[5] and the author of the form cannot otherwise be discerned from the document itself. [AR at 206-09.] Nor does the record definitively reflect the identity of the author. The author of the Medical Opinion form indicated that plaintiff has the following limitations: (1) she can lift and carry on an occasional or frequent basis less than 10 pounds; (2) stand and walk (with normal breaks) for about two hours during an eight-hour day, and (3) sit (with normal breaks) for about four hours during an eight-hour day. [AR at 206.] The author also indicated that plaintiff can sit for sixty minutes before changing position, stand for thirty minutes before changing position, and must walk every sixty minutes for a duration of five minutes.[6] [AR at 207.] As for the performance of certain postural activities, the author of the form opined that plaintiff can

---

[5] Although the signature on the Medical Opinion form is illegible, plaintiff contends that it was filled out by her treating physician. See Joint Stip. at 3-4.

[6] The Medical Opinion form is four pages in length. Two of the four pages contain the same questions, i.e., questions 5-8. The responses to the questions differ, however. [Compare AR at 207 with AR at 208.] Plaintiff in the Joint Stipulation (Joint Stip. at 3) appears to rely on the limitations set forth in the Administrative Record at 208, which cites back pain as the medical condition supporting the limitations. This is not an impairment asserted by plaintiff in her application for payments. Given that the medical findings supporting the limitations noted in the Administrative Record at 207, i.e., diabetes with neuropathies and carpal tunnel syndrome, are consistent with the medical findings listed in question 9B of the Medical Opinion, as well as with the medical findings noted in the record, and the fact that the handwriting at AR 207 is identical to that at AR 209, but not at AR 208, the Court references the limitations noted at AR 207, not AR 208. [AR at 207, 209.]

occasionally twist, stoop (bend), and climb stairs, but can never crouch or climb ladders. [Id.] The author further opined that the physical functions of handling (gross manipulation), fingering (fine manipulation), and feeling are affected by plaintiff's impairments. [AR at 209.] In support of the physical functional limitations, the author of the form noted carpal tunnel syndrome and diabetes mellitus. [Id.] As for environmental restrictions, the author noted that plaintiff needs to avoid concentrated exposure to wetness because of the "high risk of fungal infection secondary to diabetes." [AR at 209.] Furthermore, the author indicated that plaintiff's impairments or treatment would cause her to be absent from work about twice a month. [Id.]

In the decision, the ALJ did not discuss the August 21, 2006, Medical Opinion form, or any of the findings made therein. Rather, in determining the degree of plaintiff's functional limitations resulting from her impairments (the ALJ found that plaintiff had severe impairments of musculoskeletal system disorder, diabetes mellitus, and obesity disorder), the ALJ only specifically discussed and adopted the opinions of the State Agency physicians. [AR at 16, 193-202.] The ALJ noted that the State Agency physicians' findings "describe a capacity to perform work activities at a light exertional level with some additional limitations." [AR at 16.]

The ALJ's failure to specifically address the findings set forth in the Medical Opinion form and to discuss the weight he assigned to those findings was error.[7] Although the ALJ indicated

---

[7] Defendant argues that the ALJ was not required to address the findings in the Medical Opinion form because (1) the form was signed by an unidentified medical provider, and the signature is illegible; (2) it is not evident from the form that the person who prepared it was a physician, let alone a treating physician; and (3) the treatment records suggest only mild to conservative treatment. Joint Stip. at 4-7. While the signature on the Medical Opinion form is illegible, making the identity of the author of the form unknown, and although the treating records may suggest conservative treatment, the ALJ in his decision did not present these reasons as a basis for disregarding the Medical Opinion form. Indeed, the ALJ made no reference whatsoever to the findings in the Medical Opinion form. As such, defendant's *post hoc* attempt to justify the ALJ's failure to address the findings in the Medical Opinion form is not sufficient to cure the error. See Vista Hill Foundation, Inc. v. Heckler, 767 F.2d 556, 559 (9th Cir. 1985) (a reviewing court may affirm an administrative decision only on grounds articulated by the agency); see also Barbato v. Commissioner of Social Sec. Admin., 923 F. Supp. 1273, 1276 (C.D. Cal. 1996) (a court may remand if the decision of the ALJ as to a claimant's entitlement to benefits on its face does not adequately explain how a conclusion was reached, even if Social Security Administration can offer proper *post hoc* explanations for such unexplained conclusions).

that he gave "considerable weight" to the opinions of the State Agency physicians and adopted "[t]heir opinion relative to [plaintiff's] functional limitations" as plaintiff's residual functional capacity, the ALJ's acceptance of the State Agency findings is insufficient here. The RFC assessment must always consider and address medical source opinions, and if the assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. See SSR 96-8p; Thompson v. Barnhart, 2006 WL 709795, at *13 (E.D. Pa. March 15, 2006) ("Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.") (quoting Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981)). The ALJ should have, at a minimum, considered the findings in the Medical Opinion form, and explained the weight he gave to those findings. This is especially true where the findings in the Medical Opinion form are inconsistent with the ALJ's conclusion that plaintiff can perform a full range of light work with some additional limitations. [AR at 14, 206-09.] Instead, the ALJ discussed other medical evidence and completely ignored the August 21, 2006, Medical Opinion form in making his RFC determination. The ALJ's RFC assessment incorporates fewer restrictions/limitations than those found by the author of the Medical Opinion form. [AR at 14.] For instance, the ALJ relied, in part, on the opinion of a State Agency physician, which included, inter alia, a finding that plaintiff can stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday and a finding that plaintiff can lift and/or carry 20 pounds occasionally and 10 pounds frequently [AR at 194], but failed to even mention the findings in the Medical Opinion form that plaintiff can stand and walk (with normal breaks) only for about two hours during an eight-hour day and can lift and carry only less than 10 pounds on both an occasional and frequent basis. [AR at 206.] The ALJ cannot point to only those portions of the treatment record that bolster his findings. See Gallant, 753 F.2d at 1456 (error for an ALJ to ignore competent evidence in the record in order to justify his conclusion); see also Whitney v. Schweiker, 695 F.2d 784, 788 (7th Cir. 1982) ("[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.") (citation omitted); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is not permitted

9

1 to reach a conclusion "simply by isolating a specific quantum of supporting evidence"). As such,
2 the ALJ erred by failing to address "competent evidence" in the record.

3 Moreover, the presence of the Medical Opinion form triggered the ALJ's duty to further
4 develop the record. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous
5 evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of
6 the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'") (quoting Smolen, 80
7 F.3d at 1288). In making a determination of disability, the ALJ must develop the record and
8 interpret the medical evidence. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (the ALJ
9 has a special duty to fully and fairly develop the record and to assure that the plaintiff's interests
10 are considered even when the plaintiff is represented by counsel); see also Lewin v. Schweiker,
11 654 F.2d 631, 634 (9th Cir. 1981) (recognizing the need for full and detailed findings of facts
12 essential to the ALJ's conclusion). If evidence from the medical source is inadequate to determine
13 if the claimant is disabled, an ALJ is required to recontact the medical source to determine if
14 additional needed information is readily available. See 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1)
15 ("We will seek additional evidence or clarification from your medical source when the report from
16 your medical source contains a conflict or ambiguity that must be resolved, the report does not
17 contain all the necessary information, or does not appear to be based on medically acceptable
18 clinical and laboratory diagnostic techniques."). As a general rule, the record will be considered
19 "inadequate" or "ambiguous" when a medical source has provided a medical opinion that is not
20 supported by the evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("An ALJ
21 is required to recontact a doctor if the doctor's report is ambiguous or insufficient for the ALJ to
22 make a disability determination.") (citation omitted); see also Thomas v. Barnhart, 278 F.3d 947,
23 958 (9th Cir. 2002). The responsibility to see that this duty is fulfilled belongs entirely to the ALJ;
24 it is not part of the claimant's burden. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2001).
25 "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's
26 physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping
27 the record open after the hearing to allow supplementation of the record." Tonapetyan, 242 F.3d
28 at 1150. Here, the ALJ did not consider the Medical Opinion form or offer any explanation for

disregarding the opinion form. Because the form provided an opinion regarding plaintiff's physical limitations, the ALJ should have made a reasonable effort to ascertain the identity of the author, and whether the author was a treating physician, a consultative physician, or a physician who merely reviewed the medical record but never examined plaintiff. The ALJ could have inquired of agency officials or plaintiff's counsel as to the source of the Medical Opinion form.[8] Absent this information, it was impossible for the ALJ to determine the relative weight to accord to the findings in the Medical Opinion form. Thus, the ALJ erred by failing to fully develop the record.

For the foregoing reasons, remand is warranted.[9] On remand, the ALJ should make a reasonable effort to ascertain the identity of the author of the Medical Opinion form, should consider the Medical Opinion form, and specifically explain the weight he gives that opinion.

/
/
/
/
/
/
/
/

---

[8] At the end of the hearing on April 23, 2007, plaintiff informed the ALJ that she was currently being treated by Dr. Susan Biegel and Dr. Christine MacLarkley, and that she had been previously treated by Dr. William Paley. [AR at 215-17.] Although the ALJ said that he would subpoena plaintiff's records from Dr. Biegel and Dr. MacLarkley, it does not appear that he contacted those medical sources to determine whether one of them prepared the Medical Opinion form. Moreover, the ALJ did not inquire as to the signature on the Medical Opinion form during the hearing, or keep the record open after the hearing to allow for supplementation regarding the author of the opinion form, even though it appears that the ALJ received a copy of the Medical Opinion form prior to the date of the hearing. [AR at 205, 210.]

[9] As the ALJ's consideration on remand of the Medical Opinion form may impact the other issues raised by plaintiff in the Joint Stipulation, the Court will exercise its discretion not to address those issues in this Order. Rather, upon remand, the ALJ should re-examine the lay witness statements, and determine whether vocational expert testimony regarding the effect of plaintiff's non-exertional limitations is necessary.

## VI.

## **REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision.  See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).  In this case, remand is appropriate to properly consider the findings in the Medical Opinion form.  The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

DATED: September 12, 2008

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE